PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2008 Hyundai Sonata struck two holes on Cheat Road, designated as County Route 857, in Morgantown, Monongalia County. County Route 857 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:00 a.m. on March 28,2008. County Route 857 is a two-lane road with a center line and edge lines. At the time of the incident, claimant was traveling home from an appointment at her dentist’s office. Claimant was driving at approximately thirty miles per hour when her vehicle struck two holes on County Route 857 near the Purple Cow Lounge. One of the holes was approximately twelve inches long, eight inches wide, and four to six inches deep and was situated approximately eighteen inches from the edge line. She was unable to avoid the holes due to oncoming traffic, and she had not seen the holes at this location on a prior occasion. Claimant does not travel on this road on a regular basis. As a result of this incident, her vehicle sustained damage to its two passenger side tires in the amount of $362.09. Claimant’s insurance deductible is $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 857. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that County Route 857 is a secondary road in terms of its maintenance. Respondent’s DOH 12, a record of its daily work activity, indicates that respondent patched a hole on March 13, 2008. Since the cold mix that respondent had available was not compacting well, respondent patched the hole with perma-patch. According to Ms. Westbrook, it is possible that the material could have come out of the hole between the time that it was patched on March 13, 2008, and the time of this incident on March 28, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the holes which claimant’s vehicle struck and that the holes presented a hazard to the traveling public. The size and location of the holes leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $362.09.
Award of $362.09.